Edward A. Baublits Public Employees Social Security Division of Employment, Room 214 1275 Sherman Street Denver, Colorado 80203
Dear Mr. Baublits:
This is in response to your letter of December 20, 1978, in which you request an attorney general opinion regarding the status of the San Juan Regional Commission (SJRC) under section 418 of the Social Security Act, 42 U.S.C. § 301, et seq., which authorizes the Secretary of the United States Department of Health, Education and Welfare (HEW) to enter into agreements with states for coverage under the federal social security system of employees of the state and its political subdivisions. The State of Colorado has entered into such an agreement with HEW.
QUESTION PRESENTED AND CONCLUSION
Specifically, you inquire whether the SJRC is a "political subdivision" as that term is used in the Social Security Act (SSA).
 It is my opinion that the SJRC is a "political subdivision" of the State of Colorado under the SSA.
ANALYSIS
The Social Security Act describes a political subdivision as including "an instrumentality of . . . (C) a State and one or more of its political subdivisions." 42 U.S.C. § 418(2)(b)(2). I note that the word "instrumentality" is not defined in the SSA nor in regulations adopted pursuant thereto. It is relevant to consider, however, that the SJRC was established pursuant to C.R.S. 1973, 29-1-201, et seq. Section 29-1-203(4) specifically authorizes "the establishment of a separate legal entity" by political subdivisions of the state to provide for the joint exercise of their functions. Section 18 of article XIV of the Colorado Constitution, which provided the authority for the enactment of these provisions, expressly states that an entity created by the cooperating political subdivisions would be an "instrument" of the bodies. Colo. Const., art. XIV, §18(2)(b).
Moreover, I have ascertained that the generally accepted definition of "governmental instrumentality" is:
 any commission, bureau, corporation or other organization, public in nature, created and wholly owned by the government for the convenient prosecution of its governmental functions, existing at the will of its creator.
Unemployment Compensation Commission v. Wachovia Bank andTrust Co., 215 N.C. 491, 496, 2 S.E.2d 592, 595 (1939).See also, Ciulla v. State, 77 N.Y.S.2d 545,191 Misc. 528 (1948). The court in Wachovia,supra, listed specific factors to be considered in determining an agency's status:
 (1) It was created by the government; (2) it is wholly owned by the government; (3) It is not operated for profit; (4) It is primarily engaged in the performance of some essential governmental function;. . . .
215 N.C. at 496, 2 S.E.2d at 596. I have examined the structure of the SJRC in light of these particular factors and I conclude that the SJRC is a "governmental instrumentality" as that term is used in the Social Security Act.
Specifically, the SJRC was established for the purposes of strengthening local self-government in the San Juan Basin area in Colorado, and combining the resources of the various governmental bodies which make up the commission to meet regional challenges beyond the capacities of the members. It was created by five counties and ten cities and towns in the San Juan Basin area. Pursuant to the authority of C.R.S. 1973, 29-1-203, these political subdivisions entered into an agreement for the establishment of the SJRC, and the legislative bodies of each of the members passed the necessary resolutions to put the agreement into effect. Thus, the SJRC was "created by the government" under the Wachovia standards. Bylaws were promulgated by the SJRC to govern its operations and the performance of its functions. Pursuant to article III of the bylaws, membership in the SJRC is limited to political subdivisions. Also, pursuant to article V, representatives of the members must be elected officials. The SJRC is thus "wholly owned by the government." It is also clear that the SJRC is not operated for profit, but for the benefit of the member agencies in the efficient performance of their responsibilities. The purpose of the SJRC, as I interpret its bylaws, is to facilitate communication and cooperation between the member bodies in dealing with region-wide issues confronted by the agencies in the performance of their public duties. Clearly, this purpose is governmental in nature.
The SJRC was created by the joint action of the member bodies, each of which is a political subdivision of the State of Colorado. It exists as an entity, separate and apart from the member agencies, and is fully under the authority of these bodies. The SJRC is not operated for profit, but is primarily engaged in the performance of governmental functions.
SUMMARY
I therefore conclude that the San Juan Regional Commission is an instrumentality of several political subdivisions of the State of Colorado, and that its employees would be properly covered by the Public Employees Social Security System pursuant to the agreement between the State of Colorado and HEW.
Very truly yours,
 J.D. MacFARLANE Attorney General
MUNICIPAL GOVERNMENT MUNICIPAL CORPORATIONS EMPLOYEES, PUBLIC SOCIAL SECURITY
C.R.S. 1973, 29-1-203(4)
42 U.S.C. § 418(2)(6)(2)
Colo. Const. art. XIV, § 18(2)(b)
LABOR EMPLOYMENT DEPT. Pess Public Emp Soc Sec.
The San Juan Regional Commission is a governmental instrumentality and is therefore a political subdivision of the State of Colorado for the purpose of Public Employees Social Security coverage provided for under the Social Security Act.